UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODOLFO VELAZQUEZ,

        Plaintiff,

    v.

CHASE HOME FINANCE LLC,
FANNIE MAE, NDEx WEST LLC,

        Defendants.
_____/

NO. CIV. S-12-0433 LKK/CKD PS

O R D E R

Pending before the court is an application by plaintiff for a Temporary Restraining Order to prohibit the foreclosure sale of plaintiff's home, scheduled for March 1, 2012.

**I. Standard**

Fed. R. Civ. P. 65 provides authority to issue either preliminary injunctions or temporary restraining orders. Ordinarily, a plaintiff seeking a preliminary injunction must demonstrate that it is "[1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." <u>Am.</u>

1

1   Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th
2   Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 129 S. Ct.
3   365, 374 (2008)). The requirements for a temporary restraining
4   order are largely the same. Stuhlbarg Int'l Sales Co. v. John D.
5   Brush & Co., 240 F.3d 832, 839 (9th Cir. 2001); see also Wright and
6   Miller, 11A Fed. Prac. & Proc. Civ. § 2951 (2d ed.). After Winter,
7   the Ninth Circuit modified its "sliding scale" approach to
8   balancing the elements of the preliminary injunction test. "The
9   'serious questions' approach survives Winter when applied as part
10  of the four-element Winter test. In other words, 'serious questions
11  going to the merits' [rather than a likeliness of success on the
12  merits] and a hardship balance that tips sharply toward the
13  plaintiff can support issuance of an injunction, assuming the other
14  two elements of the Winter test are also met." Alliance For The
15  Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011).

16      A TRO is an emergency measure, intended to preserve the status
17  quo pending a fuller hearing on the injunctive relief requested.

18                          **II. Analysis**

19      **A. Likeliness of Success on the Merits**

20      In his complaint, plaintiff alleges that he had a written and
21  oral agreement with defendant Chase Bank ("Chase") that if
22  plaintiff provided Chase with certain documents regarding
23  plaintiff's financial situation, Chase would process plaintiff's
24  loan modification application. Plaintiff alleges that he provided
25  all of the requested documents in 2008, in May 2011, and again in
26  January 2012. Plaintiff also alleges that defendant Chase has not

                                    2

1  reviewed or processed his loan modification applications, in breach

2  of the parties' oral and written agreements. Plaintiff alleges that

3  absent such a breach, plaintiff would have been offered a loan

4  modification, and would have been able to afford his payments and

5  avoid foreclosure.

6      Plaintiff also alleges that defendants' conduct constitutes

7  fraud, negligence, violation of RESPA, violation of California's

8  Unfair Competition Law, disability discrimination, and wrongful

9  foreclosure.

10     In this case, the court finds that plaintiff's allegations,

11  if proven, raise a "serious question" going to the merits of

12  plaintiff's breach of contract claim.

13     **B. Irreparable Harm**

14     If the court does not issue a preliminary injunction,

15  plaintiff's home is likely to be sold at foreclosure on March 1,

16  2012. The loss of one's personal residence is an irreparable harm.

17  See, e.g. Sundance Land Corp. V. Community First Federal sav. And

18  Loan Ass'n., 840 F.2d 653 (9th Cir. 1988)(loss of real property,

19  because it is unique, is an irreparable injury). In this case,

20  plaintiff has made the requisite showing of risk of irreparable

21  harm.

22     **C. Balance of the Equities**

23     According to the complaint, plaintiff has severe physical

24  disabilities. He has owned the property that is the subject of this

25  action for more than 20 years and has made substantial payments on

26  the loan. If the foreclosure were to occur, plaintiff would be

1  ejected from his home.

2       Chase Bank may be harmed by a delay in the foreclosure of the

3  subject property, but the court finds that the balance of equities

4  tips sharply in plaintiff's favor.

5       **D. The Public Interest**

6       It is in the public interest to require lenders to comply with

7  the California and Federal statutes enacted to protect homeowners

8  from unnecessary foreclosures. The court finds, therefore, that the

9  public interest weighs in favor of granting plaintiff's preliminary

10  injunction.

11                          **III. Conclusion**

12       The court finds that plaintiff is entitled to a temporary

13  restraining order because he has raised a serious question going

14  to the merits of his case, the balance of equities tips sharply in

15  his favor, he will be irreparably harmed in the absence of an

16  injunction, ad the public interest weighs in favor of issuing an

17  injunction.

18       Accordingly, the court ORDERS as follows:

19            [1] All defendants are temporarily restrained for

20                 fourteen (14) days from foreclosing upon the real

21                 property located at 426 Idora Avenue, Vallejo, CA 94591.

22            [2] A hearing is set for a preliminary injunction on

23                 this matter for March 12, 2012 at 10:00 a.m.

24            [3] The court will rely on previous briefing from

25                 plaintiff parties unless additional briefing is

26                 submitted not later than seven (7) days prior to the

1    hearing on the preliminary injunction. Defendants SHALL

2    file an opposition to the preliminary injunction no

3    later than seven (7) days prior to the hearing.

4  IT IS SO ORDERED.

5  DATED:  February 29, 2012.

6

7

8                                    LAWRENCE K. KARLTON
9                                    SENIOR JUDGE
                                     UNITED STATES DISTRICT COURT
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26