UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODOLFO VELASQUEZ,

        Plaintiff,

   v.

CHASE HOME FINANCE LLC,
FANNIE MAE, NDEx WEST LLC,

        Defendants.
_____/

NO. CIV. S-12-0433 LKK/CKD PS

O R D E R

In this foreclosure case, plaintiff seeks a preliminary injunction to restrain the sale of his home, located in Vallejo. This court issued a Temporary Restraining Order on February 29, 2012. The TRO is set to expire on March 14, 2012, absent further order from this court. For the reasons that follow, plaintiff's motion for a preliminary injunction is DENIED.

**I. Factual Background**

The court has gathered the following factual allegations from the complaint, ECF No. 1. Plaintiff and defendants are parties to a residential mortgage pertaining to the property at 426 Idora Avenue in Vallejo, California. Plaintiff is disabled and resides

1

1 in that home, which is modified to accommodate his disability. At
2 some point, plaintiff requested from defendant Chase Home Finance
3 a loan modification that would reduce the principal of his
4 mortgage. Defendant supplied plaintiff with a loan modification
5 application on three separate occasions. Plaintiff submitted the
6 first application in 2008.[1] Plaintiff submitted a second loan
7 modification application to defendant Chase in May, 2011, and a
8 third in January 2012. According to plaintiff, the latter two loan
9 modifications have never been reviewed by Chase.

10      Plaintiff alleges the following causes of action arising from
11 these facts: breach of contract, fraud and deceit and/or negligent
12 misrepresentation, negligence, RESPA violations, Unfair Competition
13 Law violations, disability discrimination, and wrongful
14 foreclosure.

15      Defendants assert, in their opposition to the preliminary
16 injunction, that plaintiff has already filed numerous suits
17 revolving around his home loan and foreclosure. The court takes
18 judicial notice of documents filed by defendant showing the
19 following facts.

20      On August 19, 2009, plaintiff voluntarily dismissed a
21 complaint filed against defendants in the Northern District of
22 California (Alsup), No. 09-2409. On June 14, 2010, plaintiff filed
23 a second complaint against defendants in the Northern District

---

[1] The 2008 loan modification application is the subject of case filed by plaintiff in the Northern District of California. Plaintiff asserts that that action "should be rendered moot" in light of the subsequent loan modification applications.

2

Court (Illston) asserting causes of action that arise from his home loan and foreclosure of the Vallejo property. That complaint was dismissed with leave to amend as to some causes of action on August 11, 2010. Plaintiff filed an amended complaint on August 26, 2010, and the amended complaint was dismissed with prejudice on January 10, 2011. Plaintiff appealed that dismissal to the Ninth Circuit. Plaintiff filed an adversary action against Chase Home Finance, LLC on January 18, 2011. The Bankruptcy Court dismissed that proceeding for lack of subject matter jurisdiction. Plaintiff then filed a complaint against Chase Home Finance in Solano County Superior Court on February 23, 2011. That case was removed to the Eastern District Court (England), and ultimately dismissed on res judicata grounds. Plaintiff has appealed that dismissal to the Ninth Circuit.

The instant complaint alleges only claims arising from an alleged promise made by Chase to review and plaintiff's loan modification applications.

## II. Standard

Fed. R. Civ. P. 65 provides authority to issue either preliminary injunctions or temporary restraining orders. Ordinarily, a plaintiff seeking a preliminary injunction must demonstrate that it is "[1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th

Cir. 2009) (quoting <u>Winter v. Natural Res. Def. Council</u>, 129 S. Ct. 365, 374 (2008)). The requirements for a temporary restraining order are largely the same. <u>Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.</u>, 240 F.3d 832, 839 (9th Cir. 2001); see also Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2951 (2d ed.). After <u>Winter</u>, the Ninth Circuit modified its "sliding scale" approach to balancing the elements of the preliminary injunction test. "The 'serious questions' approach survives <u>Winter</u> when applied as part of the four-element <u>Winter</u> test. In other words, 'serious questions going to the merits' [rather than a likeliness of success on the merits] and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." <u>Alliance For The Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1132 (9th Cir. 2011).

### III. Analysis

**A. Likeliness of Success on the Merits**

Defendant argues that plaintiff's complaint will fail primarily because the causes of action are based on an offer that defendant allegedly made in the context of negotiating the settlement of one of plaintiff's prior lawsuits. Because evidence of such offers are barred by FRE 408, defendant argues, plaintiff's claim will fail.

In his complaint, plaintiff alleges that he had a written and oral agreement with defendant Chase Bank ("Chase") that if plaintiff provided Chase with certain documents regarding plaintiff's financial situation, Chase would process plaintiff's

4

1  loan modification application. Plaintiff alleges that he provided
2  all of the requested documents in 2008, in May 2011, and again in
3  January 2012. Plaintiff also alleges that defendant Chase has not
4  reviewed or processed his loan modification applications, in breach
5  of the parties' oral and written agreements. Plaintiff alleges that
6  absent such a breach, plaintiff would have been offered a loan
7  modification, and would have been able to afford his payments and
8  avoid foreclosure. Plaintiff also alleges that defendants' conduct
9  revolving around the alleged agreement to review the loan
10 modification agreement constitutes fraud, negligence, violation of
11 RESPA, violation of California's Unfair Competition Law, disability
12 discrimination, and wrongful foreclosure. Compl., ECF No. 1.

13     Defendant asserts that evidence of any agreement reached in
14 the context of settlement negotiations for the prior lawsuit is
15 inadmissible under Fed. R. Evid. 408. Attached as an exhibit to
16 plaintiff's complaint is a letter dated January 12, 2012, and
17 referencing "USDC Eastern District of California Case No. 2:11-CV-
18 01019-GEB-(JFM)." Ex. 1 to Compl., ECF No. 1. Defendant asserts
19 that this letter, which requests certain financial documents from
20 plaintiff in order for defendant to "further evaluate [plaintiff's]
21 loan modification," was sent in the course of settling plaintiff's
22 previously filed suit against the defendants.

23     Rule 408 provides that evidence of "furnishing or offering or
24 promising to furnish. . . a valuable consideration in compromising
25 or attempting to compromise the claim" is inadmissible "when
26 offered to prove liability for a claim." The purpose of the rule

5

is a policy of promoting the compromise and settlement of disputes. Weinstein on Evidence Section 408.02.

However, "Rule 408 does not require the exclusion of evidence regarding the settlement of a claim different from the one litigated, though admission of such evidence may nonetheless implicate the same concerns of prejudice and deterrence of settlements which underlie Rule 408." Towerridge, Inc. v. T.A.O., Inc., 111 F.3d 758 (10th Cir. 1997)(citations omitted). See also Zurich Am. Ins. Co. v. Watts Indus., 417 F.3d 682 (7th Cir. 2005) (The balance [between the need for the settlement evidence and the potentially chilling effect on future settlement negotiations] is especially likely to tip in favor of admitting evidence when the settlement communications at issue arise out of a dispute distinct from the one for which the evidence is being offered"). Accordingly, even if this court were to ultimately find that the letter offered as evidence of the agreement was sent as part of settlement negotiations, the letter would not necessarily be barred by Fed. R. Evid. 408.

Nonetheless, plaintiff appears unlikely to succeed on the merits of his claims, and defendant's opposition extinguishes any "serious question" that may have existed at the time this court issued the temporary restraining order.

**i. Breach of Contract**

In order to prevail on a breach of contract claim, plaintiff will have to prove "the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant

6

and damages." First Commercial Mortgage Co. v. Reece, 89 Cal. App. 4th 731, 745 (Cal. App. 2d Dist. 2001).[2]

Plaintiff's complaint alleges that he "entered into a written and oral contract with Chase Home Finance," but he does not allege when the contract was entered into, or what were its terms. Plaintiff has not produced any written contract. The following are the only factual allegation in the complaint that appears to be related to plaintiff's claim that defendant had a contractual obligation to review plaintiff's loan modification application: "Chase Home finance submitted to Plaintiff an application for loan modification that contemplates principal reduction. . . it must decide the . . . application for loan modification first [before] foreclosing.," Compl. 3:14-15; plaintiff "spent substantial amount of time preparing and attaching documents to the loan application in order to ease the application review," and "defendants carelessly enlarged for years the application processing and reviewing," Compl. 7:15-19; "Chase Home Finance Breached the loan application contract with Plaintiff by failing to process and review his loan modification applications that contemplates principle reduction, and that further would place him into a permanent HAMP modification after the conclusion of the trial period," Compl. 8:23-26.

---

[2] Although defendant properly recited the elements of a breach of contract claim, defendant erroneously recited California pleading standards, which are of course inapplicable in federal court. See Opp'n to Preliminary Injunction 6. Defendant is cautioned to refrain from citing to inapplicable law in future briefing to this court.

7

1  The court finds that an allegation that defendant gave
2 plaintiff a blank loan modification application to fill out does
3 not support plaintiff's claim that defendant entered into a binding
4 agreement to review that application. Similarly, other than the
5 conclusory statement above, plaintiff has not allege any facts from
6 which the court can infer that he would have been placed in a
7 permanent HAMP modification, making it unlikely that plaintiff will
8 be able to show damages for any breach by defendant.

9  Plaintiff has not alleged any facts demonstrating the
10 existence of a written contract.

11  Accordingly, the court finds that plaintiff is unlikely to
12 succeed on his breach of contract claim. Nor has plaintiff's
13 complaint raised a serious question on the merits.

14 **ii. Fraud and Deceit and/or Negligent Misrepresentation**

15  Plaintiff asserts that defendant falsely represented that it
16 would process and review plaintiff's loan modification application,
17 that plaintiff justifiably relied on those representations, and
18 that the misrepresentation resulted in escalating late fees,
19 penalties, and other charges, ultimately resulting in default and
20 pending foreclosure. Compl. 9-10.

21  The elements of fraud generally in California are (1) a
22 misrepresentation (false representation, concealment, or
23 nondisclosure); (b) scienter; (c) intent to defraud; (d)
24 justifiable reliance; and (e) resulting damages. Lazar v. Superior
25 Court, 12 Cal. 4th 631 (Cal. 1996). When asserting a fraud claim,
26 the Federal Rules require that plaintiff's complaint "state with

8

particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).[3] The circumstances that must be pled include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant [] in the alleged fraudulent scheme.'" Id. at 765 (quoting Moore v. Kayport Package Express, 885 F.2d 531, 541 (9th Cir. 1989)). To state a fraud claim against a corporation, plaintiff "must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Magdaleno v. IndyMac Bancorp, Inc., 2011 U.S. Dist. LEXIS 13561 (E.D. Cal. Jan. 28, 2011)(applying, in federal court, the pleading requirements from Lazar v. Superior Court, 12 Cal. 4th 631, 645, 49 Cal. Rptr. 2d 377, 909 P.2d 981 (1996)). See also, Ungerleider v. Bank of Am. Corp., 2010 U.S. Dist. LEXIS 138294 (C.D. Cal. Dec. 27, 2010);

---

[3] Federal courts adjudicating state law claims apply state substantive law, Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938), but federal procedural rules, Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1102 (9th Cir. 2003). Here, the elements of plaintiff's fraud claim are defined in California law, but the applicable pleading standard comes from Fed. R. Civ. P. 9(b). Thus, defendants' citations to California case law regarding the heightened pleading standard for fraud in California courts are unavailing.

Yulaeva v. Greenpoint Mortg. Funding, Inc., 2010 U.S. Dist. LEXIS 137988 (E.D. Cal. Dec. 20, 2010)(holding that although Lazar articulates a California pleading standard, "numerous district courts have followed this rule, at least insofar as to require identification of a particular speaker.").

Plaintiff's complaint is devoid of the particular facts needed to support a fraud claim. Plaintiff has identified the dates on which defendant supplied plaintiff with an application form, but has not asserted who made any representations, where they were made, or whether the person making the representations had authority to speak for Chase Home Finance. Additionally, plaintiff has not pled, even generally, that the defendant acted with malice or intent. Accordingly, the court finds that plaintiff's complaint does not raise a serious question on the merits and is not likely to succeed.

**iii. Negligence**

Plaintiff asserts that defendants were negligence by "colluding to lure the plaintiff into the filing of an application for loan modification. . . that defendant knew or should have known. . . [was] never going to be processed and reviewed, nor approved for the subject modification loan." Compl. 10.

Under California law, the elements of a claim for negligence are "(a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury." Ladd v. County of San Mateo, 12 Cal.4th 913, 917, 50 Cal.Rptr.2d 309, 911 P.2d 496 (1996) (internal citations

1  and quotations omitted); see also Cal Civ Code § 1714(a).

2   California courts have stated that "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal.App.3d 1089 (1998). See also Wagner v. Benson, 101 Cal.App.3d 27, 35 (1980) (a lender has no duty to ensure that borrower will use borrowed money wisely).

10  The Nymark rule is limited in two ways. First, a lender may owe to a borrower a duty of care sounding in negligence when the lender's activities exceed those of a conventional lender. Nymark implied that had an intent to induce plaintiff to enter into a loan transaction been present, the lender may have had a duty to exercise due care in preparing the appraisal. Id. at 1096-97, 283 Cal.Rptr. 53. See also Wagner v. Benson, 101 Cal.App.3d 27, 35, 161 Cal.Rptr. 516 (1980) ("Liability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender.").

20  Second, even when a lender's acts are confined to their traditional scope, Nymark announced only a "general" rule. Rather than conclude that no duty existed per se, the Nymark court determined whether a duty existed on the facts of that case by applying the six-factor test established by the California Supreme Court in Biakanja v. Irving, 49 Cal.2d 647, 320 P.2d 16 (1958). Nymark, 231 Cal.App.3d at 1098, 283 Cal.Rptr. 53; see also Glenn

11

1 K. Jackson Inc. v. Roe, 273 F.3d 1192, 1197 (9th Cir. 2001). This
2 test balances six non-exhaustive factors:

> [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm.

Roe, 273 F.3d at 1197 (quoting Biakanja, 49 Cal.2d at 650, 320 P.2d 16) (modification in Roe ). Nymark held that this test determines "whether a financial institution owes a duty of care to a borrower-client," 231 Cal.App.3d at 1098, 283 Cal.Rptr. 53.

Here, plaintiff has alleged that defendant "lured" plaintiff into completing a loan modification application, demanded piecemeal and duplicative paperwork from plaintiff, systematically ignored plaintiff's written and oral requests, and provided misleading information to plaintiff. Plaintiff alleges that he was deterred from seeking other remedies to address his default because of the faith he put in the loan modification process based on defendant's conduct.

Defendant argues that the Nymark general rule disposes of the matter, asserting "as lenders, defendants did not owe plaintiff a duty of care." Defendants make no argument with respect to the six-factor test.

The court finds that most of the six factors weigh against a finding of duty of care in this case. The transaction was clearly intended to affect plaintiff and defendant's conduct, as alleged in the complaint, was morally blameworthy. The policy for

12

1 preventing future harm is furthered by a finding that lenders owe
2 a duty to be forthright with homeowners seeking alternatives to
3 foreclosure. However, the degree of certainty of injury and the
4 foreseeability of the harm are tenuous in this case. There is no
5 certainty that plaintiff would qualify for a modification, or that
6 plaintiff would have succeeded in any alternative remedies had
7 defendants not lured plaintiff into the loan modification
8 application process, as is alleged. Similarly, there is no clear
9 connection between the harm alleged and defendant's conduct because
10 plaintiff was in default on his loan at the time the parties
11 discussed modification.

12    These last three factors are also instructive on whether
13 plaintiff is likely to be able to show that defendant's conduct was
14 the proximate cause of any harm to plaintiff, and whether plaintiff
15 suffered any injury. As noted, there is no evidence that a
16 modification would have been approved, had defendants timely
17 reviewed the application. The court is also not convinced that
18 defendants made any promise to review the loan application.
19 Plaintiff's complaint alleges that defendants "lured" him into
20 filing the application, but he does not allege specifically that
21 defendant promised to review it or indicated any belief that he
22 would be approved. Even if defendant did have a duty of care,
23 plaintiff's complaint does not allege sufficient facts from which
24 the court can infer that defendants breached that duty, or that
25 plaintiff suffered injury because of the breach.

26    The court finds that plaintiff is unlikely to succeed on the

1 merits of his negligence claim.

**iv. RESPA**

Plaintiff alleges that defendants violated RESPA by failing to provide a written response to plaintiff's loan modification applications. Plaintiff argues that, under RESPA, defendant was required to process plaintiff's loan applications within twenty days of receipt. However, RESPA only requires a written response to a "Qualified Written Request," that "includes a statement of the reasons for the belief of the borrower, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." Here, plaintiff does not assert that the loan application contained such a statement.

The court concludes that plaintiff has not raised a serious question, and is not likely to succeed on the merits of his RESPA claim.

**v. Unfair Competition Law**

Plaintiff's Unfair Competition Law claim arises from the same conduct alleged under the other causes of action in the complaint. Plaintiff asks the court to "enjoin the practice of unfairly denying and failing to enter into permanent loan modification for homeowner who has complied with the loan applications requirement. . ."

As noted elsewhere, plaintiff has not alleged that he was qualified to receive a permanent loan modification. He only alleges that he submitted all of the documents requested during the loan modification application procedure.

14

**vi. Disability Discrimination**

Plaintiff alleges that he is disabled and that his home is specially equipped for him to carry out his daily activities. Plaintiff appears to allege a cause of action under the Americans with Disabilities Act and the Rehabilitation Act, but has not cited any provision of the act that would require defendants to accommodate his disability by refraining from foreclosing on his home. Nor is the court aware of any such provision. Plaintiff has also not alleged any discriminatory motive for defendant's actions.

**vii. Wrongful Foreclosure**

Plaintiff alleges that defendant had an obligation, under the Home Affordable Modification Program ("HAMP") to process plaintiff's loan application and place plaintiff in a trial modification for three months. Plaintiff has not alleged that he would have qualified for a loan modification under HAMP. Moreover, there is no private right of action under HAMP, which is part of the Troubled Asset Relief Program ("TARP"). See, e.g., Wigod v. Wells Fargo Bank, N.A., 2012 WL 727646 (7th Cir. 2012)(lack of private right of action under HAMP does not pre-empt plaintiff's state law claims); Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177 (N.D. Cal. 2009)(WARE)(no private right of action to sue TARP recipients).

Accordingly plaintiff's claim arising under HAMP will be dismissed.

**B. Irreparable Harm**

If the court does not issue a preliminary injunction,

plaintiff's home is likely to be sold at foreclosure. The loss of one's personal residence is an irreparable harm. <u>See, e.g.</u> <u>Sundance Land Corp. V. Community First Federal sav. And Loan Ass'n.</u>, 840 F.2d 653 (9th Cir. 1988)(loss of real property, because it is unique, is an irreparable injury). In this case, plaintiff has made the requisite showing of risk of irreparable harm.

### C. Balance of the Equities

According to the complaint, plaintiff has severe physical disabilities. He has owned the property that is the subject of this action for more than 20 years and has made substantial payments on the loan. If the foreclosure were to occur, plaintiff would be ejected from his home.

Chase Bank may be harmed by a delay in the foreclosure of the subject property, but the court finds that the balance of equities tips sharply in plaintiff's favor.

### D. The Public Interest

It is in the public interest to require lenders to comply with the California and Federal statutes enacted to protect homeowners from unnecessary foreclosures. The court finds, therefore, that the public interest may weigh in favor of granting plaintiff's preliminary injunction.

## IV. Conclusion

Because plaintiff has not raised a serious question and seems unlikely to succeed the merits of his claims, the motion for a preliminary injunction is DENIED.

////

1       IT IS SO ORDERED.

2       DATED:  March 16, 2012.

                                        LAWRENCE K. KARLTON
                                        SENIOR JUDGE
                                        UNITED STATES DISTRICT COURT

17