IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODOLFO VELASQUEZ,

       Plaintiff,                No. CIV S-12-0433 LKK CKD PS

    vs.

CHASE HOME FINANCE LLC, et al.,    <u>ORDER AND</u>

       Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Defendants' motion to dismiss came on regularly for hearing April 18, 2012. Plaintiff appeared in propria persona. Jacob Clark appeared for defendants Chase Home Finance LLC and Fannie Mae. No appearance was made for defendant INDEX West, LLC. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        This action arises out of a dispute pertaining to real property. Plaintiff alleges claims for breach of contract, fraud and negligent misrepresentation, negligence, violation of the Real Estate Settlement Procedures Act ("RESPA"), violation of the California Unfair Competition Law ("UCL," Cal. Bus. & Prof. Code § 17200), discrimination, and wrongful foreclosure. On October, 2003, plaintiff obtained a mortgage for $173,000 secured by real

property located at 426 Idora Ave, Vallejo, California.  Plaintiff is disabled and resides in the subject property.  Foreclosure proceedings were instituted but a foreclosure sale has not yet taken place.  This action is the fifth lawsuit plaintiff has filed related to foreclosure proceedings on this property.  Plaintiff contends that all of the claims in this action relate to a loan modification application submitted for approval on January 20, 2012.

In support of the motion to dismiss, defendants assert that all of plaintiff's claims are barred because the loan modification review process at issue in this case was part of a settlement negotiation in plaintiff's prior action, which is still pending on appeal.  Defendants contend that plaintiff's allegations in the instant action are therefore barred as privileged communications under Federal Rule of Evidence 408.  In ruling on the motion for preliminary injunction, the District Judge found that evidence from the settlement negotiations would not necessarily be barred in this action.  See dkt. no. 13 at 6:3-18.  In that that ruling is now law of the case,[1] the court does not find defendants' Rule 408 contention persuasive.  The court will therefore address the merits of defendants' motion to dismiss.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

---

[1] Under the law of the case doctrine, although "not an 'inexorable command,' prior decision of legal issues should be followed unless there is substantially different evidence at a subsequent trial, new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Inv. Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981).

claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007).  Defendants have requested this court take judicial notice of documents.  Dkt. no. 11.  That request will be granted.

A motion to dismiss pursuant to Rule 12(b)(6) may also challenge a complaint's compliance with Federal Rule of Civil Procedure 9(b) where fraud is an essential element of a claim.  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  Rule 9(b), which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  These circumstances include the "'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'"  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged").  "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Kearns, 567 F.3d at 1124.

Plaintiff's first cause of action is for breach of contract.  To state a claim for breach of contract, plaintiff must allege (1) the existence of a contract; (2) plaintiffs' performance

or excuse for the nonperformance of the contract; (3) defendants' breach of the contract; and (4) resulting damages. Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co., 116 Cal.App.4th 1375, 1390 (2004). Plaintiff's allegations are insufficient to state a breach of contract claim. Plaintiff's claim here rests on the fact that he was given a blank loan modification application to fill out. That does not a binding contract make and plaintiff proffers no evidence of any written contract regarding modification of a loan secured by real property. This cause of action should accordingly be dismissed.

With respect to the fraud/misrepresentation claims, plaintiff's allegations do not meet the specificity pleading requirements of Federal Rule of Civil Procedure 9(b) and plaintiff does not allege that defendant acted with malice or intent to defraud. Plaintiff's opposition does not suggest he could cure these deficiencies and plaintiff presented no argument at the hearing on this matter which would suggest amendment would be anything other than futile.

Regarding plaintiff's negligence claim, under California law, the court must weigh several factors in determining whether there is a duty of care owed by the bank to the borrower. See Biakanja v. Irving, 49 Cal 2d 647, 650 (1958); see also Glenn K. Jackson Inc. v. Roe, 273 F.3d 1192, 1197 (9th Cir. 2001) (nonexhaustive factors include (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to him, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm.) Although plaintiff alleges that defendant's action in "luring" him into a loan modification process deterred him from seeking other remedies to cure his default, plaintiff does not allege that he would have qualified for a loan modification, that a modification would have been approved, or that he would have succeeded in other remedies. On weighing the Biakanja factors, the court finds the allegations of the complaint are insufficient to support a claim that the bank owed a duty to plaintiff and thus no negligence claim can lie.

1         Plaintiff also alleges a claim under RESPA, asserting that defendant violated this statute by not providing a written response to the loan modification application.  However, that statute only requires a written response to a qualified written request ("QWR")[2] and plaintiff does not assert he made such a request.  As such, this claim is fatally deficient.  See 12 U.S.C. § 2605(e).

        Plaintiff's claim under the UCL is similarly deficient in that plaintiff fails to allege any injury in fact or loss of money or property as a result of unfair competition.  See Cal. Bus. & Prof. Code § 17204.  In addition, fundamentally, plaintiff's UCL claim rests on the other claims asserted in plaintiff's complaint, all of which fail.  Plaintiff's UCL claim therefore fails as well.  See Kariguddaiah v. Wells Fargo Bank, N.A., No. C 09-5716 MHP, 2010 WL 2650492, at *7 (N.D. Cal. July 1, 2010) (dismissing § 17200 claim due to plaintiff's failure to state a claim for either breach of contract or wrongful foreclosure upon which the § 17200 claim was based); Powell v. Residential Mortgage Capital, No. C 09-04928 JF (PVT), 2010 WL 2133011, at * 9 (N.D. Cal. May 24, 2010) (same); see also Berryman v. Merit Property Mgmt. Inc., 152 Cal. App. 4th 1544, 1554 (2007) ("Thus, a violation of another law is a predicate for stating a cause of action under" § 17200); Lazar v. Hertz Corp., 69 Cal. App. 4th 1494, 1505 (1999) (§ 17200 "borrows violations of other laws . . . and makes those unlawful practices actionable").  Nor has plaintiff stated a claim of any other unfair or fraudulent conduct on the part of defendant that could give rise to a claim under this provision.  See Chavez v. Bank of America, N.A., No. CV-F-09-2133 OWW/SKO, 2010 WL 1854087, at *19-20 (E.D. Cal. May 6, 2010) (discussing the "unfairness," as opposed to "unlawful," prong of § 17200, et seq.)  The court therefore finds that plaintiff has failed to state a plausible claim for relief under California Business and Professional Code § 17200, et seq.

/////

---

[2] A QWR must include a statement of the reasons for the belief of the borrower that the account is in error.  12 U.S.C. § 2605(e)(1)(B).

1    In the sixth claim for relief, plaintiff alleges discrimination based on disability. Plaintiff, however, cites no provision of either the Americans with Disabilities Act ("ADA") or the Rehabilitation Act of 1973 ("RA") under which defendants could be held liable. The subject property is not a place of public accommodation which is a necessary requisite of a claim under the ADA. See 42 U.S.C. § 12182. Plaintiff also fails to allege he is a qualified individual who was excluded solely by reason of his disability from participation or denied benefits from a program receiving Federal Financial assistance, which is a necessary element for a claim under the RA. See 29 U.S.C. § 794(a).

    Plaintiff's seventh cause of action is predicated on plaintiff's contention that defendants have not followed the guidelines under the Home Affordable Modification Program ("HAMP"). As previously noted by the District Judge in the order on the motion for preliminary injunction, there is no private right of action against a lender under HAMP. See Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177 (N.D. Cal. 2009); see also Wigod v. Wells Fargo Bank, N.A., 2012 WL 727646 at *24 (7th Cir. 2012) (absence of private right of action under HAMP does not displace state cause of action). Accordingly, this claim is subject to dismissal. To the extent plaintiff is alleging some other kind of wrongful foreclosure claim, he fails to allege tender and confirmed at the hearing on this matter that he is not capable of making a tender of the amount owed under the loan. In the absence of tender, a claim for wrongful foreclosure cannot lie. See, e.g. Pantoja v. Countrywide Home Loans, Inc., 640 F. at 1177, 1183-84 ("Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender [offer] of payment of the indebtedness" (citations and quotation marks omitted).); see also Alcaraz v. Wachovia Mortgage FSB, 592 F. Supp. 2d 1296, 1304 (E.D. Cal. 2009) ("'A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.'") (citing Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 92 Cal. Rptr. 851 (Ct. App. 1971)). Similarly, any claim to quiet title cannot lie in the absence of tender. See Shimpones v. Stickney, 219 Cal. 637,

649 (1934) (mortgagor cannot quiet his title against the mortgagee without paying the debt secured); see also Aguilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974); Kelley v. Mortgage Electronic Registration, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligation under the Deed of Trust.  As such, they have not stated a claim to quiet title.").  Plaintiff's wrongful foreclosure claim should therefore be dismissed.  Because it appears amendment would be futile, the court will recommend that the motion to dismiss be granted without leave to amend.

      Also named as a defendant in this action is INDEX West, LLC.  There is no evidence on the docket that this defendant has been served with summons.  Plaintiff clarified at the hearing that this defendant was named solely because he had received foreclosure notices from this entity, as the agent of defendant Chase.  The court finds dismissal of this remaining defendant is also warranted.  "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."  Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).  "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win relief."  Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).  The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared.  Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).  Here, the claims against the remaining defendant are the same as against the moving defendants and defendant NDEX is named solely as the agent of the other defendants.  This defendant should therefore be dismissed.

/////

Accordingly, IT IS HEREBY ORDERED that defendants' request for judicial notice (dkt. no. 11) is granted; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (dkt. nos. 10) be granted;

2. All defendants be dismissed and this action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 19, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
velasquez.57